UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

Case No.  10-cr-20730

Hon.  Robert H.  Cleland
United States District Court Judge

v.

D-1 PIERRE DESHAWN AUTRY,

          Defendant.

_____/

## PRELIMINARY ORDER OF FORFEITURE

Now comes Plaintiff, the United States of America, Barbara L. McQuade, United States Attorney, together with Gjon Juncaj, Assistant U.S. Attorney, and hereby submits this Preliminary Order of Forfeiture:

WHEREAS, an Indictment was filed on or around December 2, 2010 which charged Defendant Pierre Deshawn Autry with felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1).

WHEREAS, on January 26, 2011, Defendant Pierre Deshawn Autry entered into a Rule 11 Plea Agreement, wherein he pleaded guilty to Count One of the Indictment, which charged Defendant Autry with felon in possession of a firearm  pursuant to 18 U.S.C. § 922(g)(1).

WHEREAS, the Indictment and Rule 11 Plea Agreement also sought criminal forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) of the following:

- One (1) 9 MM (millimeter) pistol, model number L, with an obliterated serial number.

Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or

his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

The United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the above-named property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).  Said notice shall direct that any person other than the Defendant asserting a legal interest in the property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property.  The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

WHEREAS, pursuant to his plea agreement, Defendant Pierre Deshawn Autry waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant Pierre Deshawn Autry acknowledged that he understood that forfeiture of assets is part of the sentence that may be imposed on him in this case and waived any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time that his guilty plea was accepted.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become

final as to Defendant Pierre Deshawn Autry at the time of his sentencing. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

*************************************************************************

**IT IS HEREBY ORDERED.**

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: May 24, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 24, 2011, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522